AO 245B (Rev. 09/19)  Judgment in a Criminal Case  (Form modified within District on October 3, 2024)
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| HENLEY VOLTAIRE | ) | Case Number: 7:25Cr.00019-01 (NSR) |
| | ) | USM Number: 14800-511 |
| | ) | Elizabeth Quinn, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  One and Two (Felony Information)

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2314 and 371 | Conspiracy to Transport Stolen Goods Interstate - Class D Felony | 5/14/2024 | 1 |
| 18 USC § 1343 | Wire Fraud - Class C Felony | 5/14/2024 | 2 |

   The defendant is sentenced as provided in pages 2 through  9  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/23/2025
Date of Imposition of Judgment

_____
Signature of Judge

Nelson S. Román, U.S.D.J.
Name and Title of Judge

5/6/2025
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/06/2025

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served on both Counts One and Two. Defendant advised of his right to appeal under the plea agreement.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
                      Sheet 3 — Supervised Release

Judgment—Page 3 of 9

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) Years on Count One and Two (2) Years on Count Two, to run consecutively, for a total term of Five (5) Years with a special condition that the first Eighteen (18) Months be under home detention with location monitoring (RF monitoring), subject to the standard conditions 1-12 as well as mandatory and special conditions.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)  Case 7:25-cr-00019-NSR   Document 89   Filed 05/06/25   Page 5 of 9
Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

# SPECIAL CONDITIONS OF SUPERVISION

1. For the first Eighteen (18) Months you shall be under home detention and you must be monitored by location monitoring Radio Frequency (RF) technology and you must abide by all technology requirements. You must pay all or part of the costs of participation in the location monitoring program as directed by the probation officer. During the Eighteen (18) Months period, you are restricted to your residence at all times except for work, school/vocational course, school for child, any documented medical appointments for yourself and child, and one (1) day for religious service - all as approved by the probation officer.

2. You must submit to a search of your person, property, residence, office, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), cell phones, and other devices or media used for electronic communications, data storage, cloud storage, or network storage. The probation officer may conduct a search under this condition only when there is reasonable suspicion that you have violated a condition of your supervision or committed a new crime, and that the areas to be searched contain evidence of this violation or crime. The search must be conducted by a United States Probation Officer, although other law enforcement officers may assist the probation officer. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

3. You must provide the probation officer with access to any requested financial information.

4. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

5. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

6. The Court recommends you be supervised by the district of residence.

7. You shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of(l) any change of your name, residence, or mailing address or (2) any material change in your financial resources that affects your ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If you disclose, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ TBD | $ 0.00 | $ | $ |

☑ The determination of restitution is deferred until __7/22/2025__. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SDNY Clerk of the Court | | | |
| United States Courthouse - Attn: Cashier | | | |
| 500 Pearl Street, New York, NY 10007 | | | |
| For disbursement to the victims (names | | | |
| addresses to be provided by the U.S. | | | |
| Attorneys Office) | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) | Case 7:25-cr-00019-NSR   Document 89   Filed 05/06/25   Page 7 of 9
Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page 7 of 9

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

You shall make restitution payments by certified check, money order, cash or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. You shall write your name and the docket number of this case on each check or money order. Cash payments can be made in person in amounts not to exceed $9,999.99.

Schedule of Payments: Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, you shall pay restitution in the manner and according to the schedule that follows:

  In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).
  You shall commence monthly installment payments of 15% of your gross monthly income, payable on the 15th of each month, upon release from prison.
  The factors in 18 U.S.C. § 3664(f)(2) were considered in formulating the payment schedule.

While serving the term of imprisonment, you shall make installment payments toward your restitution obligation and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Pursuant to BOP policy, the BOP may establish a payment plan by evaluating your six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends. The remaining balance may be used to determine a repayment schedule. BOP staff shall help you develop a financial plan and shall monitor the inmate's progress in meeting your restitution obligation.

You shall pay interest on any restitution amount of more than $2,500, unless restitution is paid in full before the 15th day after the date of the judgment, in accordance with 18 U.S.C. § 3612(f)(1).

Your liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of your death, your estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
    See page 7 of the Judgment - ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
$361,000.00 in United States currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: HENLEY VOLTAIRE
CASE NUMBER: 7:25Cr.00019-01 (NSR)

Judgment—Page 9 of 9

## ADDITIONAL FORFEITED PROPERTY

Specific properties identified in Consent Preliminary Order of Forfeiture, United States v. Voltaire, 25 CR 0019-01 (NSR), dated April 23, 2025 (ECF No. 87).